92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maritza NUNEZ-MEJIA, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70812.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aqx-vso-arc.
 B.I.A.
 REVIEW DENIED.
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maritza Nunez-Mejia, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings for consideration of an application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction and deny the petition.
 
 
 3
 To establish a prima facie case for suspension of deportation under section 244(a), an alien must satisfy three threshold requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent residence spouse, parent, or child, if the alien is deported. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). The alien bears the burden of demonstrating eligibility for relief under section 244(a). Id. We review the BIA's decision for abuse of discretion. Id.
 
 
 4
 Here, our review of the record indicates the BIA did not abuse its discretion when it concluded that Nunez-Mejia had not demonstrated "extreme hardship" and thus had not established a prima facie case for suspension of deportation. Nunez-Mejia asserts the BIA failed to adequately consider the effect of her deportation on her adult permanent resident children, citizen grandchildren and husband. The fate of citizen or resident children can be a relevant factor in the determination of extreme hardship. See Castillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir.1987). To establish extreme hardship, however, the alien must show a more severe impact than the common results of deportation and separation. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 5
 Our review indicates the BIA carefully considered the effect of deportation on Nunez-Mejia's children, but noted that they are adults whom Nunez-Mejia does not support. The BIA balanced Nunez-Mejia's family ties against her short residence in this country, fifty year residence in Nicaragua and transferable employment skills. Given these circumstances, we cannot say that the BIA abused its discretion by concluding that Nunez-Mejia did not demonstrate extreme hardship. See Hassan, 927 F.2d at 468; Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (economic disadvantage alone does not constitute extreme hardship). The BIA considered all the relevant factors relating to extreme hardship to Nunez-Mejia and set forth the reasons in support of the discretionary denial of suspension of deportation. See Bu Roe, 771 F.2d at 1333. Accordingly, the petition for review is
 
 
 6
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3